## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHEYANNE HORNE,                           }
                                          }
              Plaintiff,                  }          Case No. 24-cv-01497 MJH
                                          }
v.                                        }
                                          }
UPMC d/b/a UPMC CORPORATE                 }          Judge Marilyn Horan
SERVICES, UPMC HEALTH PLAN,               }
INC., AND UPMC MAGEE-WOMEN'S              }
HOSPITAL,                                 }
                                          }
              Defendants.                 }


### DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO SEVER

Defendants have objected to their joinder in one case and have filed a motion to sever the claims against them because of Plaintiff's failure to comply with the requirements of Rule 20, Fed. R. Civ. P. relating to joinder of defendants in a single action.  Defendants motion is based on Rule 21.

### *SUMMARY OF COMPLAINT*

This action asserts seven claims against[1] three separate corporate entities arising under four state and federal statutes, to wit: Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e-2(a)(1) et seq.); the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101*, et seq*.); the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.); and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq*.).

The Complaint recites six different incidents occurring over the course of nearly three years, each of which is said to give rise to a separate count in the lawsuit.  The incidents involve

---

[1] There are actually seven counts.  There are two Count Vs.

different employees of different defendants for the most part.  The alleged actions of the employees are different in nature and kind.  The alleged adverse actions plead by Plaintiff are different, including failures to transfer, and job eliminations, denial of many transfer requests refusal to transfer a patient, failure to accommodate different purported disabilities (complication of pregnancy ("Hyperemesis Gravidarum ("HG")'), post-traumatic stress disorder, panic disorder, pregnancy.

At one time or another, Plaintiff alleges that she worked for each of the three Defendants and suffered discrimination because of her sex, her pregnancy, her disabilities, for taking FMLA leave and retaliation for complaining of discrimination and filing charges with the EEOC.

Defendants' Motion requests that the Court order these disparate claims against them to be severed and that Plaintiff be required to bring each claim she has against a particular Defendant in a separate action.

### ARGUMENT

Rule 20 (a)(2), Fed. R. Civ. P., states that "Persons … may be joined in one action as defendants if:  (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to *all* defendants will arise in the action."  [Emphasis added].  Rule 21 allows misjoinder to be raised by a motion and authorizes the court to add or drop a party and to sever any claim against a party.

 This Court has explained:

> The first element of Rule 20(a), the 'same transaction' or transactional relatedness prong, refers to the similarity in the factual background of the relevant claims. Courts generally apply a case-by-case approach when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences. "In determining whether a logical relationship exists between claims, the Third Circuit has stated that courts must engage in 'a detailed

analysis ... to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.' "

*Washington v. Barnhart,* 2018 WL 3581761, at *7 (W.D. Pa. June 27, 2018), report and recommendation adopted, 2018 WL 3579840 (W.D. Pa. July 25, 2018); *Price v. New Castle Police Department*, 2021 WL 1816942 (W.D. Pa. May 6, 2021).

Even where the requirements of Rule 20 (a) are technically met, courts in this district have held that other considerations may suggest that the claims should be severed. For example, other considerations include:

1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted.

*Morris v. Kesserling*, 2010 WL 5158412, at *4 (M.D. Pa. Dec. 14, 2010). In a case involving joinder of multiple plaintiffs, under Rule 20 (a)(1), this Court recently ordered the cases to be severed, explaining:

Here, the Court acknowledges that the Plaintiffs aver similar legal claims against the Defendants, but the factual circumstances of each individual Plaintiff significantly differ from one another and require independent inquiries to properly evaluate their claims.

*Chesher v. Allegheny County,* 2023 WL 6214243, at **2-3 (W.D. Pa. Sept. 25, 2023).

Turning now to the Complaint in the present case, it is clear that it does not meet the requirements for joinder of defendants under Rule 20 (a)(2), and further, that it would be confusing to the point of chaos to litigate these cases together.

To begin with, only one of the claims in the case actually is asserted against all of the defendants; that is, Count II, which is for retaliation in violation of the Pregnancy Discrimination Act. But it is clear on the face of the Complaint that naming UPMC Magee as a defendant on

this count is superficial.  Plaintiff ceased working for UPMC Magee months before she became

pregnant and UPMC Magee is not named or mentioned in the Charge.  The only mention of

UPMC Magee in Count II is Plaintiff's allegation that UPMC Magee eliminated her job in April

2023.  Complaint ¶ 147. However, the allegations of the Complaint show that this job

elimination happened in April 2024, not 2023, and Plaintiff admitted that the elimination of the

UPMC Magee "moonlighting job" was not because of her pregnancy, but because UPMC

Corporate had eliminated her fulltime job and "because Ms. Horne's moonlighting position was

contingent on her full-time position with Defendant UPMC Corporate, the elimination of her

position meant she would also lose her moonlighting position."  Complaint ¶¶102-103.[2]   In other

words, UPMC Magee did not decide to eliminate her job.

Besides not even purporting to allege that UPMC Magee is jointly liable along with the

other two Defendants for retaliation in violation of the PDA, it is clear that the allegations in

Count II do not arise out of the same transactions or occurrences.  UPMC Health Plan allegedly

encouraged her to resign and did not allow her to return from short term disability leave in 2021

and 2022.  UPMC Corporate allegedly "retaliated against her by preventing her from pursuing

opportunities for career advancement by pausing her applications, and that it eliminated her job

"while she was on FMLA leave" in April 2024.  Complaint ¶¶ 146-147.

There are, therefore, no claims in the complaint against all of the Defendants jointly.  The

remaining Counts other that Count II are against one or two Defendants only.[3]

---

[2] Indeed, Plaintiff alleges that UPMC Magee offered her a job on March 6, 2024, which she
accepted, but that she retracted her acceptance a week later "due to personal reasons."
Complaint ¶¶ 99-100.
[3] UPMC Health Plan is the lone defendant in Counts I, III and IV.  UPMC is the lone defendant
in the sixth and seventh counts.  UPMC and UPMC Health Plan are co-defendants in Count V.

Even were the Complaint in compliance with the requirements of Rule 20 (a), it is a hodgepodge of anecdotes involving different jobs with different employers and different supervisors or Human Resources personnel, occurring over a three-year period and asserting claims of pregnancy discrimination, retaliation under several statutes, disability discrimination, failure to accommodate two different disabilities on multiple occasions by different people with different employers.  It is confusing to read, let alone to adjudicate, these disparate and diverse claims.  This is reason enough for the Court to grant the Motion to Sever.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exercise its discretion under Rule 21 and order the claims against these Defendants to be severed at this point.

Respectfully submitted,

*/s/John J. Myers*___
John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900

## Certification of Counsel

I certify that on this 16th day of December I sought the concurrence of counsel for Plaintiff in the forgoing Motion in an email, but that I have not gotten a response to the request before it had to be filed.

*s/John J. Myers*
John J. Myers