**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEYANNE HORNE,<br><br>Plaintiff,<br><br>v.<br><br>UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL,<br><br>Defendants. | } | Case No. 24-cv-01497 MJH<br><br>Judge Marilyn Horan |

**BRIEF OF UPMC MAGEE IN SUPPORT OF**
**MOTION TO DISMISS AMENDED COMPLAINT**

UPMC Magee-Women's Hospital ("UPMC Magee") has filed a Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. This Brief is filed in support of that Motion.

***STATEMENT OF THE CASE***

Plaintiff commenced this action on October 30, 2024 with a seven-count complaint naming three defendants on claims arising under three federal employment statutes. ECF No. 1. Defendants moved to sever the claims against the three defendants pursuant to Rule 20, Fed. R. Civ. P., on the ground that the Complaint violated Rule 19's grounds for permissive joinder of defendants. ECF No. 13. Specifically, the claims against the three defendants do not arise out of the same transaction(s) or occurrence(s) and do not raise an issue of fact or law that is common to all defendants. On February 24, 2025 this Court filed an Order deferring a ruling on the Motion to Sever until after the pleadings closed. It was ordered that Plaintiff file an amended complaint to which Defendant must respond on or before March 18, 2025. ECF No. 22.

Plaintiff filed an Amended Complaint (ECF No. 23) which is identical to the original complaint except for the addition of two paragraphs in Count VII and the addition of UPMC Magee as a defendant in that Count.

After an extension, Defendants UPMC and UPMC Magee Women's Hospital filed motions to dismiss the Complaint pursuant to Rule 12 (b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. The following Brief cites the legal authorities and arguments in support of the UPMC Magee's Motion.

***RELEVANT ALLEGATIONS OF THE COMPLAINT***

Plaintiff alleges that she was hired on January 6, 2024 into a "moonlighting" job for UPMC Magee as a Health Unit Coordinator in the Emergency Room, while also continuing to work for UPMC Corporate Services ("UPMC"). Amended Complaint ("AC") ¶ 95.

Plaintiff requested and was granted FMLA leave from UPMC Corporate[1] beginning February 19, 2024 and ending April 19, 2024. On February 20, 2024, while on FMLA leave, Plaintiff interviewed with UPMC Magee for a Nursing Assistant job. UPMC Magee offered her the job on March 6, 2024 and Plaintiff accepted the offer. AC ¶¶ 98-100. However, on March 12, she retracted the offer "due to personal reasons." *Id*.

On March 19, 2024, while Plaintiff was absent on FMLA leave, she was informed by UPMC that her UPMC job was eliminated. AC ¶¶ 101-02.[2] Plaintiff alleges that "because [her] moonlighting position was contingent on her full-time position with [UPMC], the elimination of

---

[1] The FMLA leave was from UPMC Corporate, not UPMC Magee, since Plaintiff was not eligible for FMLA leave from UPMC Magee because she had worked there only a few weeks. See argument on dismissal of Count VII below.

[2] Plaintiff states in Paragraphs 147 and 148 that this occurred in April 2023, but this is an obvious typo. Other allegations make it clear that the elimination of her UPMC job and moonlighting job happened in April 2024. See AC ¶¶ 101, 103.

her position meant she would also lose her moonlighting position." AC ¶ 103. In other words, the elimination of the moonlighting job was automatic and without independent decision making by UPMC Magee, and obviously without an unlawful motive.

Without adornment by any facts to lend credence, Plaintiff states the bald conclusion that she was terminated by Magee in retaliation for her attempt to report pregnancy discrimination. AC ¶ 145. Without more, it would be a quantum leap of faith to infer that an April 2024 termination by Magee was in retaliation for a 2021 complaint about a supervisor of UPMC Health Plan or a June 2022 EEOC Charge of pregnancy discrimination against UPMC Health Plan.

Based on the same set of facts as those recited above, Plaintiff also asserts a claim of interference and retaliation in violation of the Family and Medical Leave Act ("FMLA"). AC Count VII ¶¶ 198-210. Without alleging any facts to make the claim plausible, in this Count Plaintiff concludes: "Defendants UPMC Magee and UPMC Corporate interfered and retaliated against Ms. Horne for exercising her rights under the FMLA by terminating her employment in the midst of her FMLA leave. AC ¶ 206.

## ARGUMENT

### *1. Standard of Review*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails "to state a claim upon which relief can be granted," it must be dismissed. Fed. R. Civ. P. 12(b)(6). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the claim must be "plausible on its face," requiring "factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged . . . [raising] more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court of Appeals has explained that to determine the sufficiency of a complaint under the standard set forth in *Iqbal* and *Twombly*, a district court must do the following:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of the truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010). To survive a motion to dismiss, a complaint "must do more than allege the plaintiff's entitlement to relief" – it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A claim should be dismissed if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 570).

Both Count II and Count VII are predicated on the April 2024 loss by Plaintiff of a "moonlighting job" with UPMC Magee that Plaintiff had obtained in January 2024. Neither Count alleges facts that, if true, would state a claim for relief.

### *2. Count II does not state a claim upon which relief can be granted against UPMC Magee*

Count II purports to state a claim against UPMC Magee (and the other two defendants) for retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5, *et seq*.

The only facts alleged against UPMC Magee is that it hired her in January 2024 for the moonlighting job; that the job was contingent upon her having the full-time position with UPMC

Corporate Services; and that UPMC Corporate Services eliminated her job in March 2024, while she was on FMLA leave, effective upon her completing her FMLA leave.

Plaintiff then alleges the conclusion that "Ms. Horne believes, and therefore avers, that she was unlawfully terminated in retaliation for her attempt to engage in protected activity of reporting pregnancy discrimination in violation of Title VII." AC ¶ 148.

This latter allegation is clearly one that the court is entitled to disregard—to ignore the presumption of truth, since it is a bald conclusion that literally admits it is supported by nothing but speculation.

Stripped of this conclusion, nothing in the Amended Complaint permits one to infer that the April 2024 job elimination was the result of the 2021 complaint about pregnancy discrimination against a UPMC Health Plan supervisor, or by the June 2022 filing of a charge of pregnancy discrimination against UPMC Health Plan. There is no allegation that UPMC Magee knew about the earlier pregnancy issues. An inference of retaliation in violation of Title VII would not be plausible, given the passage of two or more years and the fact that one event happened while Plaintiff worked for UPMC Health Plan and the other occurred while she was working for UPMC Magee.

### ***3. Count VII does not state a claim upon which relief can be granted against UPMC Magee***

In Count VII, Plaintiff alleges that UPMC Magee retaliated against her and interfered with her FMLA rights because UPMC eliminated her job in April 2024 while she was on FMLA leave, causing the automatic loss of her moonlighting job with UPMC Magee. AC ¶ 206.

*1. Retaliation Claim*

Retaliation claims under the FMLA are founded upon 29 U.S.C. § 2615 (a)(2) together with a Department of Labor Regulation, 29 C.F.R. § 825.220(c), pursuant to which "employers

are barred from considering an employee's FMLA leave "as a negative factor in employment actions such as hiring, promotions or disciplinary actions." *Lichtenstein v. University of Pittsburgh Medical Cent*er, 691 F. 3d 294, (3d Cir. 2012), *opinion after remand*, 598 Fed. Appx. 109 (3d Cir. 2015). To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights. *Lichtenstein, supra*, at 302; *Erdman v. Nationwide Ins. Co*., 582 F.3d 500, 509 (3d Cir.2009). While Plaintiff alleges facts to support the first two elements, she fails utterly to allege any facts that would plausibly suggest a causal connection between the two elements with respect to UPMC Magee.

Plaintiff does not allege that UPMC Magee had any role in elimination of her job with UPMC Corporate, which was the trigger for the elimination of her Health Unit Coordinator moonlighting job with UPMC Magee. She alleges no facts to suggest that UPMC Magee acted with a retaliatory motive. Indeed, the only *fact* that is alleged is that Plaintiff was on FMLA leave when the job elimination occurred. It is not, however, a violation of the FMLA to terminate an employee's employment while the employee is on FMLA leave, so long as the termination is not *because* the Plaintiff is on FMLA leave. 29 C.F.R. § 215.

Plaintiff's allegations are that her job was eliminated, which is a neutral reason for the loss of her employment. She does not allege that in fact her job was not eliminated. Indeed, she does not even allege the conclusion that her UPMC Magee moonlighting job was eliminated *because* she was on FMLA leave.[3] On the contrary, her allegations suggest that the moonlighting job was eliminated because the UPMC Corporate job was eliminated:

[3] That allegation is made only against UPMC Corporate. AC ¶ 114.

> Because her [UPMC Magee] moonlighting position was contingent on her full-time position with UPMC Corporate, the elimination of her position meant she would also lose her moonlighting position.

AC ¶ 103)

Also tending to make her claim of a retaliatory motive implausible is Plaintiff's admission that on March 6, 2024, UPMC Magee offered her a Nursing Assistant job for which she had applied and had been interviewed, and she accepted the offer.[4] The interview, offer and acceptance happened *while Plaintiff was on FMLA leave* and shortly before she was told that her UPMC Corporate job was eliminated.

2. *Interference Claim*

Plaintiff also alleges that by allowing her moonlighting job to be eliminated, UPMC Magee unlawfully interfered with her FMLA rights in violation of 29 U.S.C. § 2615(a)(1). To prevail on her interference claim, Plaintiff must show (1) she was entitled to take FMLA leave from February 19 until April 19, 2024 and (2) UPMC denied her right to do so. *Callison v. City of Philadelphia*, 430 F. 3d 1717, 119 (3d Cir. 2005); *Lichtenstein, supra,* at 309.

As to the first element, only an "eligible employee" is entitled to take FMLA leave. 29 U.S.C. § 2612 (a)(1). An "'eligible employee' means an employee who has been employed--(i) for at least 12 months *by the employer with respect to whom leave is requested* under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period. 29 U.S.C. § 2611 (2)(A). [Emphasis added].

Plaintiff cannot show that she was entitled to take FMLA leave from her job at UPMC Magee, because her Amended Complaint admits that she was hired in that job only on January 6, 2024, so that she would not be an "eligible employee." She does not allege facts to overcome

---

[4] Plaintiff "retracted the offer" a week later "for personal reasons." A.C. ¶ 100.

this pleading deficiency. Nor does she allege that she had worked at least 1,250 hours for UPMC Magee in the 12 months before her leave commenced.

As to the second element of an interference claim, Plaintiff's Amended Complaint admits that she was not terminated until after the completion of her FMLA leave, so she cannot show that she was denied the right to take FMLA leave. AC ¶ 113 ("On April 19, 2024, Ms. Horne's FMLA leave expired and on April 23, 2024, Ms. Hansen terminated Ms. Horne's employment via email.")

Finally, Plaintiff's interference claim must be dismissed because substantial authority holds that where the employee's discharge is the act that interferes with the employee's FMLA rights, and the discharge is alleged to be in retaliation for the exercise of those rights, as here, then the interference claim is redundant and should be dismissed. *Lichtenstein v. University of Pittsburgh Medical Center*, 2013 WL 6577401, at **5-7 (W.D. Pa. Dec. 16, 2013), *aff'd on this point*, 598 Fed. Appx 109, 114 (3d Cir. Jan. 30, 2015) ("Plaintiff alleges she exercised her rights to take FMLA-protected leave and then was fired for doing so. These facts support a claim for retaliation under § 2615(a)(2)—not interference under § 2615(a)(1). The court, therefore, did not error when it declined to instruct the jury on an interference claim. Plaintiff's motion for new trial will be denied with respect to her argument that the court erred by dismissing her claim for interference.") In affirming the district court on this point, the Court of Appeals stated:

> Lichtenstein argues that, because the two claims have different standards of proof, she should be allowed to proceed with both. But she also argues throughout that the only way UPMC interfered with her right to take FMLA leave was by using "these absences and/or requests for FMLA leave as a negative factor in its decision to termination her employment." Appellants' Br. 38 (emphasis added). She does not claim that any benefits were actually withheld, thereby making her claim distinctly not one for interference as we defined such claims in Ross. 755 F.3d at 192. As the District Court properly held, the difference in burdens of proof alone will not allow Lichtenstein to go forward with an

> interference claim that is "in form and substance ... a claim for retaliation." Accordingly, it was not error to dismiss the claim for interference before trial.

598 Fed. Appx. At 514.

For these reasons, Plaintiff's claim that UPMC Magee interfered with her rights under the FMLA should be dismissed.

**CONCLUSION**

UPMC Magee respectfully submits that Counts II and VII of the Amended Complaint fail to state a plausible claim for relief. The Amended Complaint should, therefore, be dismissed as to it.

Respectfully submitted,

*/s/John J. Myers*________________

John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900