**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEYANNE HORNE,<br><br>Plaintiff,<br><br>v.<br><br>UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL,<br><br>Defendants. | } | Case No. 24-cv-01497 MJH<br><br>Judge Marilyn Horan |

**BRIEF OF UPMC d/b/a UPMC CORPORATE SERVICES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

UPMC d/b/a UPMC Corporate Services ("UPMC Corporate")[1] has filed a Motion to Dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. This Brief is filed in support of that Motion.

***STATEMENT OF THE CASE***

Plaintiff commenced this action on October 30, 2024 with a seven-count complaint naming three defendants on claims arising under three federal employment statutes. ECF No. 1. Defendants moved to sever the claims against the three defendants pursuant to Rule 20, Fed. R. Civ. P., on the ground that the Complaint violated Rule 19's grounds for permissive joinder of defendants. ECF No. 13. Specifically, the claims against the three defendants do not arise out of

[1] UPMC is a non-profit corporation which has no employees and should not be named as a party in this lawsuit. It is the ultimate parent of all of the subsidiaries and affiliates that comprise the integrated health system of which co-defendants, UPMC Magee and UPMC Health Plan, are a part. There is no fictitious name "UPMC Corporate Services," as can be determine by a search of the website of the Pennsylvania Corporations Bureau. It is a business unit whose employees are employed by UPMC Presbyterian Shadyside. For purposes of this Motion, however, the allegations of the Amended Complaint are deemed to be true.

the same transaction(s) or occurrence(s) and do not raise an issue of fact or law that is common to all defendants. On February 24, 2025 this Court filed an Order deferring a ruling on the Motion to Sever until after the pleadings closed. It was ordered that Plaintiff file an amended complaint to which Defendant must respond on or before March 18, 2025. ECF No. 22.

Plaintiff filed an Amended Complaint (ECF No. 23) which is identical to the original complaint except for the addition of two paragraphs in Count VII and the addition of UPMC Magee as a defendant in that Count.

After an extension of time, Defendants UPMC Corporate, UPMC Magee-Women's Hospital and UPMC Health Plan filed motions to dismiss the Complaint pursuant to Rule 12 (b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. The following Brief cites the legal authorities and arguments in support of the UPMC Corporate's Motion to Dismiss.

UPMC Corporate has been named a defendant in Counts II (pregnancy discrimination)[2], V (failure to accommodate)[3], VI (sex and caregiver discrimination)[4]and VII (FMLA retaliation and interference)[5]. For reasons explained below, none of these Counts state a claim against UPMC Corporate upon which relief can be granted.

***RELEVANT ALLEGATIONS OF THE COMPLAINT***

Plaintiff alleges that she transferred to a position with UPMC Corporate as an Account Representative Senior on January 20, 2022. AC ¶ 58. It is alleged that Plaintiff gave birth to a child on March 14, 2022 and was later diagnosed with "post-partum HG," such that she was on

---

[2] Based on Title VII of the Civil Rights Act of 1964 (Title VII) and the Pennsylvania Human Relations Act ("PHRA").
[3] Based on the Americans with Disabilities Act ("ADA") and PHRA.
[4] Based on Title VII and the PHRA.
[5] Based on the Family and Medical Leave Act ("FMLA"). 29 U.S.C. §§ 2601, *et seq*.

maternity leave until April 22, 2022 and then on a medical leave until June 16, 2022. She alleges that her request to have the latter period treated as "accommodated time off" was denied because UPMC Corporate did not receive her paperwork, resulting in her being marked absent.

Plaintiff filed an EEOC Charge alleging pregnancy discrimination against UPMC Health Plan, her former employer, on June 8, 2022. AC ¶ 65. Plaintiff alleges that she attempted to transfer to other jobs but that the Human Resources Representative for UPMC Health Plan "paused" her applications in retaliation for the EEOC Charge against UPMC Health Plan.

Plaintiff alleges that UPMC Corporate knew that she had a diagnosis of CPTSD and that she asked her supervisors to inform her of the subject matter of meetings before inviting her to them. AC ¶¶ 69, 179-80. Her supervisors failed to give her advance notice of the subjects of meetings before inviting her to attend. AC ¶¶ 70, 181. Plaintiff alleges that as a result she suffered "increased anxiety before meetings." AC ¶71.

It is alleged that Plaintiff had a "virtual interview" for a Billing Specialist job on January 11, 2023. A.C. ¶¶ 80-192. Because it was her day off, she did not arrange for childcare and her children were present during the interview and were crying and noisy. A.C. ¶¶ 81-82. Plaintiff was not offered the job. A.C. ¶¶ 86, 194. Plaintiff concludes with no supporting facts that "these adverse actions … were motivated by the sex-based stereotype that mothers are 'insufficiently devoted to work, and that work and motherhood are incompatible.'" *Id.* ¶ 195.

Plaintiff requested and was approved for FMLA leave for the period of February 19, 2024 to April 19, 2024 due to bronchitis and an ear infection. A.C. ¶¶ 96-97, 205. Plaintiff alleges that UPMC Corporate eliminated her position while she was still on FMLA leave. AC ¶ 206. Plaintiff was terminated on April 23, 2024, after completion of her FMLA leave. AC ¶ 113.

## ARGUMENT

### *1. Standard of Review*

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint fails "to state a claim upon which relief can be granted," it must be dismissed. Fed. R. Civ. P. 12(b)(6). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the claim must be "plausible on its face," requiring "factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged . . . [raising] more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Court of Appeals has explained that to determine the sufficiency of a complaint under the standard set forth in *Iqbal* and *Twombly*, a district court must do the following:

> First, the court must tak[e] note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of the truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). To survive a motion to dismiss, a complaint "must do more than allege the plaintiff's entitlement to relief" – it must "show" such entitlement through factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). A claim should be dismissed if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 570).

### *2. Count II does not state a claim for Retaliation against UPMC Corporate*

Count II purports to state a claim against UPMC Corporate for retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5, *et seq*. Plaintiff started working for UPMC Corporate on January 30, 2022.

To establish a *prima facie* case of retaliation, a plaintiff must prove that: (1) she engaged in an activity protected by the statutes; (2) the employer took an adverse employment action against her at the time or after the protected activity; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006) (Title VII); *Williams v. Philadelphia Housing Authority*, 380 F. 3d 751, 759 (3d Cir. 2004) (ADA).

Count II mentions two "adverse actions" that Plaintiff alleges were taken by UPMC Corporate in retaliation for her June 8, 2022 filing a Charge of pregnancy discrimination against UPMC Health Plan (not UPMC Corporate) with the Equal Employment Opportunity Commission ("EEOC"),[6] interfering with her transfer requests and eliminating her job in April 2024. [7] Neither is sufficiently plead.

*Interference with Transfer Requests*

The only facts alleged in the Amended Complaint in support of this retaliation claim are these:

> 92. Between January of 2023 through Marh of 2024, Ms. Horne applied for multiple positions with Defendants and attended several interviews.

---

[6] A copy of this Charge is attached to UPMC Health Plan's Motion to Dismiss.

[7] In the body of her Amended Complaint, Plaintiff alleges that she was given two weeks absence during her leave of absence and alleges that it was retaliatory. AC ¶ 68. However, this incident is not included in Count II's retaliation allegations.

> 93. Although Ms. Horne was regularly told that she was a perfect fit for the position in interviews, Defendants regularly did not extend the offer of employment to Ms. Horne.
>
> 94. Upon information and belief, Ms. Graf was pausing Ms. Horne's applications in retaliation for Ms. Horne's complaints and charges of discrimination.

AC ¶¶ 92-94. In Count II itself, no other facts are added. *See* AC ¶ 146.

The conclusion in Paragraph 94 may be disregarded in evaluating the sufficiency of this claim. *Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010). That leaves two facts: Plaintiff applied for jobs that she did not get. This is clearly not a sufficient allegation of unlawful retaliation. The Amended Complaint does not identify the jobs that Plaintiff was trying to transfer to, her qualifications, the reasons given for rejections, the entities to which application was made and which denied them. There are no facts alleged to give credence to plaintiff's speculation that Ms. Graf was "pausing" her applications, or that such "pausing" negatively affected her applications.[8] There are no facts alleged to substantiate that Ms. Graf was doing so because a charge of pregnancy discrimination was made against a different entity, or even that Ms. Graf knew of the Charge.

Another fatal flaw in this Count is that Plaintiff does not allege that a timely charge of discrimination was filed with the EEOC or PHRC with respect to the denials of transfers. That is an element of a cause of action under Title VII and its absence compels dismissal. Failure to exhaust administrative remedies is a defense that may be raised by a defendant on a Rule 12(b)(6) motion to dismiss. *Angelino v. New York Times, Co*., 200 F.3d 73, 87–88 (3d Cir. 1999). "A complaint does not state a claim upon which relief may be granted unless it asserts the

[8] Indeed, Plaintiff admits that she had several interviews and received positive comments, indicating that "pausing" her applications did not have any effect.

satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).

*April 23, 2024 Job Elimination*

The second event in Count II, so far as concerns the claim against UPMC Corporate, is that in April 2024 UPMC Corporate eliminated Plaintiff's job while she was on an FMLA leave of absence. AC ¶ 147. The Amended Complaint alleges that the job was eliminated. This is a plausible lawful reason to terminate Plaintiff's employment. After acknowledging this, the Amended Complaint states the conclusion:

> "Ms. Horne believes, and therefore avers, that she was unlawfully terminated in retaliation for her attempt to engage in protected activity of reporting pregnancy discrimination in violation of Title VII."

AC ¶ 148. This conclusion may be disregarded in evaluating the sufficiency of this claim, under the case law cited above. When it is removed, there is nothing to indicate that Plaintiff has a plausible claim of retaliation against UPMC Corporate. Indeed, this claim on its face is not credible, at least without a serious infusion of relevant facts. Why would UPMC Corporate eliminate Plaintiff's job because she had made an internal complaint about pregnancy discrimination three years earlier involving a totally different employer? Why would UPMC Corporate eliminate Plaintiff's job because she filed a Charge of pregnancy discrimination against the Health Plan two years earlier?

To this we would add also that the Amended Complaint does not allege a basic and indispensable element of a retaliation claim: that the decision maker on the job elimination knew about the alleged protected activity.

UPMC Corporate prays for dismissal of Count II of the Complaint for failure to state a claim upon which relief may be granted.

### *3. Count V of the Complaint does not state a sufficient claim of failure to accommodate in violation of the ADA and PHRA*

Count V alleges a claim against UPMC Corporate for alleged failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* Plaintiff alleges that UPMC Corporate knew that she had a diagnosis of CPTSD and that she asked her supervisors to inform her of the subject matter of meetings before inviting her to them, but that they did not do so, increasing her anxiety before meetings. AC ¶¶ 69-71, 179-82.

Plaintiff does not allege when this occurred or that she filed a timely charge with the EEOC or the PHRC encompassing this claim. Under the authorities cited above, without these allegations the Count is deficient. *See* cases cited at page 6, *supra.*

There is also no allegation that Plaintiff's CPTSD substantially limited a major life activity, so as to amount to a covered disability under the ADA or the PHRA.

Finally, the Complaint does not allege that the requested accommodation was necessary to enable Plaintiff to perform an essential function of her job. Her allegations are consistent with an employee who does not require an accommodation to perform the essential functions of her job; in this case attending meetings.

A number of courts have held that, if an employee is able to perform the essential functions of her job without an accommodation, then the employer is not obliged to provide one. *Rohr v. Union Pacific Railroad Co.,* 2020 WL 1043588 (D. Kan. March 4, 2020) ("Here, Rohr's Complaint alleges that no accommodation was needed because he has been able to do his job without accommodation…Rohr has failed to cite any authority denying dismissal of a failure to accommodate claim under similar circumstances.); *Harvin v. Manhattan and Bronx Surface Transit Operating Authority,* 2018 WL 1603872 at *5 (E.D.N.Y. March 30, 2018), *aff'd*, 767 Fed.

App'x 123 (2d Cir. 2019) ("Numerous courts in this Circuit have found that plaintiffs do not state a claim for a failure to reasonably accommodate where their own allegations attest that no accommodation was needed in order for them to perform their essential work functions.")[9]

For these reasons, UPMC Corporate requests that Count V of the Amended Complaint be dismissed for failure to state a claim upon which relief can be granted.

### ***4. Count VI does not state a claim against UPMC Corporate for discrimination based on sex and status as a caregiver***

In Count VI, Plaintiff alleges that UPMC Corporate discriminated against her in violation of Title VII because of her sex and her status as a caregiver.

It is alleged that Plaintiff had a "virtual interview" for a Billing Specialist job on January 11, 2023. A.C. ¶¶ 80-192. Because it was her day off, she did not arrange for childcare and her children were present during the interview and were crying and noisy. A.C. ¶¶ 81-82. The person conducting the interview, presumably the decision maker, expressed no criticism about the noise or the children, but Plaintiff was criticized by her supervisor for the noisy environment. A.C. ¶¶ 83-84. Plaintiff was not awarded the job.

After alleging the foregoing facts, Plaintiff alleges the following conclusion: "these adverse actions … were motivated by the sex-based stereotype that mothers are 'insufficiently devoted to work, and that work and motherhood are incompatible.'" AC ¶ 195. This conclusion should be ignored in determining whether Count VI states a claim for relief. *Santiago v. Warminster Twp*., 629 F.3d 121, 130 (3d Cir. 2010). The remaining facts do not suggest a

---

[9] Defendant notes that as of a few days ago, the *Harvin* case is no longer good law in the second circuit. *Tudor v. Whitehall Central School District*, --- F.4th ----, 2025 WL 898898 (2nd Cir. March 25, 2025). There is no decision by the Court of Appeals for the Third Circuit on this issue.

plausible claim for sex discrimination. Among other things, Count VI does not identify the employer that failed to hire her; it does not allege any facts to support the conclusory allegation that a discriminatory sex-based motive caused the denial of the job; and there is no logical relationship between denial of a job because noisy children interrupted an interview and having a belief that "mothers are insufficiently devoted to work, and that work and motherhood are incompatible." This is a classic *non sequitur*.

An independently sufficient basis to find that Count VI must be dismissed is that Plaintiff does not allege that a timely charge was filed with the EEOC or PHRC raising this claim. *See* cases cited at page 6, *supra.*

***5. Count VII does not state a claim against UPMC Corporate for retaliation and interference in violation of the FMLA.***

In Count VII, Plaintiff purports to state a claim against UPMC Corporate for retaliation for taking family and medical leave and for interference with her rights under the Family and Medical Leave Act ("FMLA"). 29 U.S.C. §§ 2601, *et seq.*

*a. Retaliation Claim*

Retaliation claims under the FMLA are founded upon 29 U.S.C. § 2615 (a)(2) together with a Department of Labor Regulation, 29 C.F.R. § 825.220(c), pursuant to which "employers are barred from considering an employee's FMLA leave "as a negative factor in employment actions such as hiring, promotions or disciplinary actions." *Lichtenstein v. University of Pittsburgh Medical Cent*er, 691 F. 3d 294, (3d Cir. 2012), *opinion after remand*, 598 Fed. Appx. 109 (3d Cir. 2015). To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights. *Lichtenstein, supra*, at 302; *Erdman v. Nationwide Ins. Co*., 582 F.3d 500, 509 (3d Cir.2009). While Plaintiff

alleges facts to support the first two elements, she fails utterly to allege any facts that would plausibly suggest a causal connection between the two elements.

The Amended Complaint alleges that Plaintiff requested and was approved for FMLA leave for the period of February 19, 2024 to April 19, 2024 due to bronchitis and an ear infection. A.C. ¶¶ 96-97, 205. It also alleges that UPMC Corporate eliminated her position while she was still on FMLA leave. A.C. ¶ 206. It is not, however, unlawful to terminate an employee's employment while the employee is on an approved FMLA leave, so long as it was not because the employee took the leave. 29 C.F.R. § 215.

The only allegations relating to causation in the Amended Complaint are bald conclusions of the type that a court is not to accept as true. There are two such allegations. Plaintiff alleges, in Paragraph 114 of the Amended Complaint, "Upon information and belief, Defendant UPMC Corporate eliminated Ms. Horne's position and effectively terminated her employment in retaliation for her use of FMLA leave and her complaints of discrimination." A.C. ¶ 114. It is also alleged that: "Defendants UPMC Magee and UPMC Corporate interfered and retaliated against Ms. Horne for exercising her rights under the FMLA by terminating her employment in the midst of her FMLA leave." A.C. ¶ 206. The FMLA is not violated by terminating an employee during an FMLA leave, so this allegation cannot be pointed to for the missing causation facts.

Plaintiff's Amended Complaint actually alleges the legitimate reason for her termination--her job was eliminated. She does not allege any facts to dispute the fact that her job was eliminated, such as that a replacement was hired, for example. She does not allege that anyone criticized her because she took leave or made any comments suggestive of a retaliatory motive. This complaint's factual allegations are not "enough to raise a right to relief above the speculative

level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

*b. Interference Claim*

To prevail on her interference claim, Plaintiff must show (1) she was entitled to take FMLA leave from February 19 until April 19, 2024 and (2) UPMC denied her right to do so. *Callison v. City of Philadelphia*, 430 F. 3d 1717, 119 (3d Cir. 2005); *Lichtenstein, supra,* at 309.

As to the second element of an interference claim, Plaintiff's Amended Complaint admits that she was not terminated until after the completion of her FMLA leave, so she cannot show that she was denied the right to take FMLA leave. AC ¶ 113 ("On April 19, 2024, Ms. Horne's FMLA leave expired and on April 23, 2024, Ms. Hansen terminated Ms. Horne's employment via email.")

Moreover, substantial authority holds that where the employee's discharge is the act that interferes with the employee's FMLA rights, and the discharge is alleged to be in retaliation for the exercise of those rights, as here, then the interference claim is redundant and should be dismissed. *Lichtenstein v. University of Pittsburgh Medical Center*, 2013 WL 6577401, at **5-7 (W.D. Pa. Dec. 16, 2013), *aff'd on this point*, 598 Fed. Appx 109, 114 (3d Cir. Jan. 30, 2015) ("Plaintiff alleges she exercised her rights to take FMLA-protected leave and then was fired for doing so. These facts support a claim for retaliation under § 2615(a)(2)—not interference under § 2615(a)(1). The court, therefore, did not error when it declined to instruct the jury on an interference claim. Plaintiff's motion for new trial will be denied with respect to her argument that the court erred by dismissing her claim for interference.") In affirming the district court on this point, the Court of Appeals stated:

> Lichtenstein argues that, because the two claims have different standards of proof, she should be allowed to proceed with both. But she also argues

> throughout that the only way UPMC interfered with her right to take FMLA leave was by using “these absences and/or requests for FMLA leave as a negative factor in its decision to termination her employment.” Appellants' Br. 38 (emphasis added). She does not claim that any benefits were actually withheld, thereby making her claim distinctly not one for interference as we defined such claims in Ross. 755 F.3d at 192. As the District Court properly held, the difference in burdens of proof alone will not allow Lichtenstein to go forward with an interference claim that is “in form and substance ... a claim for retaliation.” Accordingly, it was not error to dismiss the claim for interference before trial.

598 Fed. Appx. At 514.

Under these authorities, Plaintiff’s “interference” claim should be dismissed.

**CONCLUSION**

Based upon the reasons and legal authorities discussed above, Defendant UPMC Corporate respectfully submits that Plaintiff’s Amended Complaint against it fails to state a claim upon which relief can be granted and it should, therefore, be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

Respectfully submitted,

*/s/John J. Myers*__
John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900