**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEYANNE HORNE,<br><br>Plaintiff,<br><br>v.<br><br>UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL,<br><br>Defendants. | } | Case No. 24-cv-01497 MJH<br><br>Judge Marilyn Horan |

**BRIEF IN SUPPORT OF MOTION OF UPMC HEALTH PLAN TO DISMISS**

UPMC Health Plan, Inc. ("Health Plan") has moved to dismiss Counts II through V of Plaintiff's Amended Complaint ("AC") on the ground that those claims were not encompassed within the Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). This Brief is filed in support of that Motion.

***STATEMENT OF THE CASE***

Plaintiff commenced this action on October 30, 2024 with a seven-count complaint naming three defendants on claims arising under three federal employment statutes. ECF No. 1. Defendants moved to sever the claims against the three defendants pursuant to Rule 20, Fed. R. Civ. P., on the ground that the Complaint violated Rule 19's grounds for permissive joinder of defendants. ECF No. 13. Specifically, the claims against the three defendants do not arise out of the same transaction(s) or occurrence(s) and do not raise an issue of fact or law that is common to all defendants. On February 24, 2025 this Court filed an Order deferring a ruling on the

Motion to Sever until after the pleadings closed. It was ordered that Plaintiff file an amended complaint to which Defendant must respond on or before March 18, 2025. ECF No. 22.

Plaintiff filed an Amended Complaint (ECF No. 23) which is identical to the original complaint except for the addition of two paragraphs in Count VII and the addition of UPMC Magee as a defendant in that Count.

After an extension, Defendants UPMC and UPMC Magee Women's Hospital filed motions to dismiss the Complaint pursuant to Rule 12 (b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. Defendant UPMC Health Plan has moved to dismiss four counts of the Complaint pursuant to Rule 12 (b)(6) because Plaintiff's claims in those counts exceed the scope of the charge of discrimination that was filed with the EEOC and PHRC.[1] The following Brief cites the legal authorities and arguments in support of the Health Plan's Motion.

***RELEVANT ALLEGATIONS OF THE COMPLAINT***

Plaintiff alleges that she was hired by the Health Plan on August 14, 2021 in a remote job as a Clinical Operations Representative. She was pregnant at the time she was hired. AC ¶¶ 25-26. On August 19, 2021 she was admitted to the hospital and diagnosed with a condition that is related to pregnancy, Hyperemesis Gravidarum ("HG"). AC ¶ 27. The Health Plan provided Plaintiff with medical accommodations for her condition. AC ¶ 29.

Plaintiff was hospitalized for her HG on two different times. AC ¶ 30. On September 21, 2021, Plaintiff's supervisor allegedly "berated her for missing so much work" and asked her to

---

[1] Count I of the Amended Complaint alleges discrimination based upon pregnancy and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, et seq. ("Title VII").

resign "to focus on her pregnancy" and threatened her with termination if she did not. A.C. ¶¶ 35-36. Plaintiff made a complaint about this to Human Resources. A.C. ¶ 41.

Plaintiff requested short term disability ("std") leave due to her HG. AC ¶¶ 129, 165. She was awarded std leave until the end of November, 2021, when she was to return to work part-time with accommodations to evaluate the impact of her HG symptoms. AC ¶ 43. Plaintiff alleges that she was not permitted to return from std leave, and she remained on leave until January 28, 2022. AC ¶ 55. She started a new job with UPMC Corporate on January 30, 2022. AC ¶ 58.

Plaintiff's Amended Complaint asserts five claims against UPMC Health Plan. As noted, Count I alleges sex and pregnancy discrimination. Count II alleges retaliation in violation of Title VII and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951, *et seq*. against all defendants, including the Health Plan. Count III alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12,100, and the PHRA against UPMC Health Plan. Count IV alleges retaliation in violation of the ADA and PHRA against the Health Plan. Finally, Count V alleges a failure to accommodate claim in violation of the ADA and PHRA against the Health Plan and UPMC.

On June 8, 2022, Plaintiff filed a charge of discrimination against UPMC Health Plan with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC"). AC ¶ 65. Defendant has attached a copy of that charge to its Motion to Dismiss as Exhibit A.[2] The Amended Complaint does not allege the filing of any other administrative charge against the Health Plan.

---

[2] In an employment discrimination case, it is well-settled that the Court may consider documents from the EEOC's administrative record in resolving the sufficiency of a Complaint. Thus, in *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), this Court ruled:

In the charge Plaintiff completed the box "discrimination based on" by inserting the word "sex." She specifically pleads: "I believe that I was discriminated against based on my pregnancy, in violation of Title VII of the Civil Rights Act when the Respondent would not enter the interactive process." The Charge makes no mention of retaliation. It does not allege disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*. It does not allege that plaintiff had a disability other than pregnancy. It does not allege that Plaintiff was retaliated against for engaging in a protected activity. Plaintiff's charge refers to the September conversation with her supervisor in which she allegedly asked Plaintiff to resign or take a leave of absence "*to focus on her pregnancy*." AC ¶ 36.

***ARGUMENT***

Failure to exhaust administrative remedies is a defense that may be raised by a defendant on a Rule 12(b)(6) motion to dismiss. *Angelino v. New York Times, Co*., 200 F.3d 73, 87–88 (3d Cir. 1999). "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to

---

> It is clear to us that under the legal applicable standard we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one for summary judgment.

113 F. Supp. 2d at 782. There are many cases in accord. *E.g., Offie v. Winner Hotels Corp*., 2012 WL 726120 at *6 n.8 (W.D. Pa. Jan. 10, 2012); *Rouse v. II-VI, Inc*., 2007 WL 1007925, at *1 fn. 1 (W.D. Pa. Mar. 30, 2007) ("a court may properly consider plaintiff's EEOC filings when deciding a motion to dismiss under Federal Rule 12(b)(6) without converting the motion to one for summary judgment "); *Wormack v. Shineski*, No. 2:09-cv-916, 2010 WL 2650430, at *1 fn. 1 (W.D. Pa. July 1, 2010) ("Furthermore, in the Third Circuit, it is well settled that a court may consider administrative documents, such as a plaintiff's EEOC charges, and public records without converting the motion to dismiss to a motion for summary judgment.")

the EEOC for conciliation or resolution." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997).

As a general rule, a plaintiff in an ADA or Title VII suit cannot bring a claim in a civil lawsuit that was not included in her EEOC charge. *Williams v. East Orange Community School,* 396 Fed. Appx. 895, 897 (3d Cir. Oct. 7, 2010). The ensuing suit is limited to claims that are within the scope of the initial administrative charge*. Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir. 1996). The PHRA has the same exhaustion requirement. *Clay v. Advanced Computer Applications,* 522 Pa. 86, 559 A.2d 917 (1989) (same under PHRA)

This Court stated, in *Miller v. City Mission,* 2023 WL 9002732 (W.D. Pa. Dec. 28, 2023) (Horan, J.), that:

> To establish a Title VII claim for race discrimination, "a plaintiff must exhaust all required administrative remedies." *Houle v. Walmart Inc*., 447 F. Supp. 3d 261, 276 (M.D. Pa. 2020) (*quoting Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). … A claim has been administratively exhausted when the specifics of a Charge with the administrative agency "fairly encompass a claim" and would put the agency and defendant employer "on notice" of that claim. *Mammen v. Thomas Jefferson Univ*., 462 F. Supp. 3d 518, 529 (E.D. Pa. 2020). The test to determine whether a plaintiff needed to exhaust her administrative remedies is whether or not the facts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising from the same. *Coope*r, 578 F. Supp. 3d at 663.

*Id*. at *3. See also *Hayden v. Allegheny Health Network*, Civil Action No. 2:21-cv-00525 (W.D. Pa. March 15, 2022) (Horan, J.) (ECF No. 28)

*Counts II and IV of the Amended Complaint allege retaliation, which is beyond the scope of the EEOC Charge*

Plaintiff's EEOC Charge did not allege unlawful retaliation under either Title VII or the ADA. Her Amended Complaint alleges retaliation in violation of Title VII and the ADA in Counts II and IV. Where a charge does not allege retaliation, a retaliation claim cannot be included in a subsequent lawsuit. *Brandon v. UPMC Presbyterian* Shadyside, 2023 WL 3093415

at *3 (W.D. Pa. April 26, 2023) (Horan, J.); *Rogan v. Giant Eagle, Inc*., 113 F. Supp. 2d 777, 788 (W.D. Pa. 2000); *Waiters v. Parsons*, 729 F. 2d 233, 237 (3d Cir. 1984).

Counts II and IV of the Amended Complaint must be dismissed as to UPMC Health Plan because the claims in those Counts were not the subject of an EEOC or PHRA administrative filing.

*Counts III and V of the Amended Complaint allege disability discrimination and failure to accommodate in violation of the ADA and PHRA, which are beyond the scope of the Charge.*

Counts III and V allege claims under the ADA and PHRA against the Health Plan for disability discrimination and failure to accommodate. The only charge filed against the Health Plan alleges sex and pregnancy discrimination. These counts, like the retaliation claims, must be dismissed because they are beyond the scope of Plaintiff's EEOC Charge.

Plaintiff's EEOC Charge alleged only sex discrimination in the box that asked: "Discrimination based on." In the body of the Charge she states: "I believe that I was discriminated against based on my pregnancy, in violation of Title VII of the Civil Rights Act." There is no suggestion that Plaintiff was making a claim of disability discrimination or failure to accommodate.

The Charge makes no mention of the ADA and more importantly makes no allegation that Plaintiff had a disability unrelated to pregnancy. Although she uses terms such as "reasonable accommodation" and "interactive process," it is clear that she is using these terms in relation to her condition of pregnancy and her pregnancy-related affliction, HG, and did not intend to make a claim of disability discrimination in violation of the ADA or PHRA.[3] She

[3] The Pregnancy Discrimination Act of 1978 covers discrimination based upon pregnancy related medical conditions. The Regulations required employers to provide reasonable accommodations to pregnant workers. These terms connote pregnancy discrimination and are not limited to claims of violations of the ADA.

makes this explicit in Count II of the Amended Complaint, which is for retaliation in violation of Title VII, by stating, in reference to the Health Plan's refusal to reinstate her from STD:

> The adverse employment action *was directly connected with Ms. Horne's pregnancy* due to Defendants being fully aware of her condition. *Defendant UPMC Health Plan decided to terminate Ms. Horne instead of accommodating her and the symptoms of her pregnancy*.

AC ¶ 144. [Emphasis added]. And most importantly, she admits as much in her Amended Complaint, stating: "On June 8, 2022, Ms. Horne dual filed a Charge of Discrimination with the EEOC and PHRC, alleging Defendants discriminated against her *due to her pregnancy and pregnancy-related disability.*" [Emphasis added] This is a judicial admission as to the scope of her EEOC Charge.

This case is similar to two cases in which this Court dismissed claims finding them beyond the scope of the Charge. *Miller v. City Mission,* 2023 WL 9002732 at *3 (W.D. Pa. Dec. 28, 2023) (Horan, J.) ("Ms. Miller did not check the box for "Race" when she filed her initial Charge with the EEOC, nor when she filed her Amended Charge. (ECF, No. 16-1). Moreover, Ms. Miller did not assert, in the Charge, that she was discriminated against because of her race. *Id.* On the other hand, Ms. Miller explicitly alleges that she was discriminated against by City Mission based on "sex, [F]emale …"). *Brandon v. UPMC Presbyterian* Shadyside, 2023 WL 3093415 at *3 (W.D. Pa. April 26, 2023) (Horan, J.) ("Ms. Brandon's July 29, 2022 EEOC charge referenced disability discrimination and does not mention any retaliation or gender discrimination claims. Ms. Brandon's EEOC charge did not give Defendant notice of any retaliation or gender discrimination claims arising out of her disability discrimination claim …. Thus, Defendant's Motion for Judgment on the Pleadings with regards to Ms. Brandon's Count III, Retaliation claim, and Count IV, Gender Discrimination claim, will be granted.")

For these reasons, Defendant UPMC Health Plan, Inc. requests that Counts II, III, IV and V of Plaintiff's Amended Complaint be dismissed as to it.

Respectfully submitted,

*/s/John J. Myers*
John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900