IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEYANNE HORNE, | } | |
| | } | |
| Plaintiff, | } | Case No. 24-cv-01497 MJH |
| | } | |
| v. | } | |
| | } | |
| UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL, | } | Judge Marilyn Horan |
| | } | |
| Defendants. | } | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendants oppose Plaintiff's request to file a Second Amended Complaint ("SAC") because (1) that pleading, now swollen to 234 paragraphs, continues the flaw identified by Defendants in the original Complaint of combining in one document what ought to be three separate complaints; (2) and further, because the insubstantial additions and deletions do not cure the insufficiencies in the pleading identified in Defendants' pending Rule 12 (b)(6) Motions to Dismiss; and (3) because the extension request by Plaintiff was expressly to "extend her deadline to respond to Defendants' motions to dismiss," and the Order, drafted by Plaintiff, was to "file her response to the pending motions to dismiss," not to file another amended Complaint.

1. *Motion to Sever Claims against three Defendants.*

In response to Defendants' Motion to Sever (ECF No. 13), Plaintiff stated in her opposition that she wanted to file an amended complaint. ECF No. 21. The amended complaint failed to correct the patent misjoinder of defendants, adding only a few cosmetic changes. Similarly, the proposed SAC does not cure the fact that there are disparate claims against each defendant, with no pretense of joint and several liability or common issues of law or fact.

Putting multiple claims into one count that names all three defendants does not make them claims arising out of the same transactions or occurrences. *See, e.g.,* Count II of the proposed SAC, which combines in a single count these claims: (i) UPMC Health Plan retaliated for a verbal complaint of pregnancy discrimination by keeping Plaintiff on STD in 2021; (ii) UPMC Corporate retaliated against Plaintiff "by preventing her from pursuing opportunities for career advancement with UPMC" in 2022 in retaliation for her filing of an EEOC Charge against UPMC Health Plan; and (iii) UPMC Magee and UPMC Corporate retaliated against Plaintiff in 2024 by eliminating her job because she "engaged in numerous protected activities." SAC ¶¶ 155-169. The other six counts arise out of a variety of transactions and occurrences.

Defendants respectfully request that instead of allowing yet another amendment, the Court either order the claims severed and the filing of separate complaints in separate actions, as permitted by Fed. R. Civ. P. 20, or direct the Plaintiff to respond to the Motions to Dismiss.

### 2. *The Deficiencies in the Amended Complaint are not Cured in the Proposed SAC.*

The UPMC defendants filed three Rule 12 (b)(6) motions to dismiss the Amended Complaint. ECF Nos. 26, 28 and 29. The proposed SAC adds allegations to the Amended Complaint but none that would cure the deficiencies identified in the motions. If a proposed amended complaint would not cure a pleading deficiency, then it can be rejected for futility. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 175 (3d Cir. 2010) ("Under Rule 15(a), futility of amendment is a sufficient basis to deny leave to amend.").

a. *UPMC Health Plan's Motion*

UPMC Health Plan moved to dismiss counts two through five of the Amended Complaint because those claims are outside the scope of Plaintiff's EEOC Charge. Nothing in the proposed SAC changes this deficiency.

b. *UPMC Magee's Motion*

UPMC Magee moved to dismiss Counts II and VII of the Amended Complaint on multiple grounds, including that her "moonlighting" job with UPMC Magee, which she lost in 2024, was expressly alleged to have been terminated automatically when UPMC Corporate terminated her principal job, because it was contingent on that job. Thus, no decision was made by UPMC Magee, let alone a biased one. Similarly, Count VII alleges that her "moonlighting" job was terminated in 2024 while she was on FMLA leave, violating the FMLA. However, as noted, it was also alleged that the job was terminated as a matter of course. Furthermore, and more fundamentally, Plaintiff had only been in the job for a little over a month when she went on FMLA leave, so she was not entitled to FMLA leave from UPMC Magee. The SAC does not cure these deficiencies, except to conveniently omit the admissions about the automatic termination of the moonlighting job. That judicial admission still can be considered, however, on a motion to dismiss the SAC.

c. *UPMC Corporate's Motion*[1]

UPMC Corporate moved to dismiss Counts II, V, VI and VII of the Amended Complaint. As to Count II, Plaintiff alleges no facts that would permit a plausible inference that a human resources person "stalled" her transfer applications because she filed an EEOC Charge against a different employer (UPMC Health Plan) for pregnancy discrimination; not even an allegation that the human resources employee knew she had filed the Charge. Nor is it alleged that Plaintiff was prevented from transferring because of "stalled" transfer requests.[2] These shortcomings are

---

[1] UPMC Corporate is not an entity or a fictitious name for UPMC. UPMC was never Plaintiff's employer. It has no employees, but functions like a holding company. For purposes of the motions to dismiss, however, Defendants will assume the truth of Plaintiff's allegations.
[2] Plaintiff attributes her failed job search to her being 30+ weeks pregnant and on short term disability.

not cured in the proposed SAC.  Also in Count II, Plaintiff alleges that UPMC Corporate eliminated her job in 2024 in retaliation for her June 2022 pregnancy discrimination charge against UPMC Health Plan.  No facts are alleged to make this claim plausible.  Such facts are not supplied in the SAC.

UPMC Corporate moved to dismiss Count V, which alleges that UPMC Corporate failed to give Plaintiff advanced notice of the subjects of meetings, which increased her anxiety.  It is not alleged that it was the subject of a timely charge, and it does not allege that the accommodation was needed to enable Plaintiff to do her job.  The proposed SAC does not cure these grounds for dismissal.

UPMC Corporate moved to dismiss Count VI of the Amended Complaint, which alleges that Plaintiff was denied a job in January 2023 because she was a "caregiver" and because of a "sex-based stereotype that mothers are insufficiently devoted to work."  Amended Complaint ¶ 195.  The grounds for this motion were that there is no allegation that this claim was the subject of a timely EEOC Charge and because there are no facts alleged to allow a plausible inference that the unidentified decision maker was biased against mothers in the workplace.  In the proposed SAC, Plaintiff adds to this count only a conclusion: "Ms. Horne was denied employment and career advancement on the basis of her caregiver status."  SAC ¶ 218.  This is obviously insufficient to cure either of the grounds for dismissal of Count VI as to UPMC Corporate.

Finally, UPMC Corporate moved to dismiss Count VII, which alleges FMLA interference and retaliation.  The ground for the motion is that Plaintiff does not allege enough facts to state a plausible claim for violation of the FMLA.  She alleges only that her job was eliminated while she was on FMLA leave.  That is not a violation of the Act.  In her proposed SAC, Plaintiff adds

4

to Count VII only the conclusory allegation that "Defendants deliberately exploited a technicality to eliminate Ms. Horne's existing position." SAC ¶ 232. There are no facts in the pleading to show that a "technicality" was exploited, or that it was done because Plaintiff took FMLA leave.

In summary, the proposed SAC is insufficient to overcome the deficiencies identified in Defendants' motions to dismiss, so it would be futile allow the amendment to be filed.

### 3. *Plaintiff waived the right to file a SAC due to his representations in a Motion for Extension of time*

Plaintiff filed a "Motion for Extension of Time to File Response/Reply." ECF 35. In that Motion, to which Defendants consented, Plaintiff represented that she was preparing a brief in opposition to the Motions and needed more time. For example, after alleging that Defendants had filed three separate motions to dismiss, Plaintiff stated that she required "a one-week extension … to finalize and file her consolidated response." Motion ¶ 3. She alleged: "Plaintiff's counsel has been diligently preparing responses to three separate motions, which raise overlapping but distinct legal and factual issues. An additional week will allow counsel to complete the necessary briefing ... and fully address the issues raised by each Defendant in their separate motions." Id. ¶ 4. The prayer was for an extension of "her deadline to respond to Defendants' motions to dismiss." And finally, the Order drafted by Plaintiff granted an extension to "file her response to the pending motions to dismiss." ECF 36.

Instead of filing a response to the motions, Plaintiff filed a motion for leave to file another amended complaint. Defendants submit that Plaintiff waived filing another amended pleading.[3]

---

[3] Five days before filing its motions, UPMC counsel sent copies of the motions to dismiss to counsel for Plaintiff and asked: "if you plan to file an amended complaint instead of opposing these motions, please let me know so that I do not have to file and brief them." There was no response. This March 23 email is attached as an exhibit to this Opposition.

        Respectfully submitted,

        */s/John J. Myers*
        John J. Myers, PA ID 23596
        Eckert Seamans Cherin & Mellott, LLC
        600 Grant Street, 44th Floor
        Pittsburgh, PA 15219
        jmyers@eckertseamans.com
        412-566-5900