**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEYANNE HORNE,<br><br>Plaintiff,<br><br>v.<br><br>UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL,<br><br>Defendants. | } | Case No. 24-cv-01497 MJH<br><br>Judge Marilyn Horan |

**UPME MAGEE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

UPMC Magee-Women's Hospital ("UPMC Magee") moved to dismiss Counts II (retaliation in violation of Title VII) and VII (FMLA interference and retaliation), which are the only claims against UPMC Magee in the Amended Complaint. Plaintiff has filed a brief opposing dismissal, but her brief does not specifically address the arguments made by UPMC Magee in support of its motion.

***Count II***

Count II purports to state a claim against UPMC Magee (and the other two defendants) for retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-5, et seq. The only allegation involving UPMC Magee in Count II is this: "In April 202[4], Defendants UPMC Corporate and UPMC Magee terminated Ms. Horne's employment by eliminating her position."[1] AC ¶ 147. She follows this allegation with the following conclusion:

---

[1] This Paragraph says April 2023, but it is clear from other allegations that this was in 2024. She did not work for UPMC Magee until January 2024 when she was hired for a "moonlighting" job. (AC ¶ 95)

"Ms. Horne believes, and therefore avers, that she was unlawfully terminated in retaliation for her attempt to engage in protected activity of reporting pregnancy discrimination in violation of Title VII." *Id.* ¶ 148. The only report of pregnancy discrimination mentioned in the Amended Complaint was in 2021 when Plaintiff reported supervisor Sinapoli to Human Resources for a remark about her pregnancy, and in June 2022, when she filed a charge against UPMC Health Plan with the EEOC. Plaintiff has no allegations whatsoever in the Amended Complaint that would tend to show that UPMC Magee even knew of these events, let alone took action against her because of them two years later. In fact, weeks before her UPMC Corporate job was eliminated, *and while Plaintiff was on FMLA leave from UPMC Corporate*, UPMC Magee interviewed and offered Plaintiff a fulltime job, which she accepted, but then revoked her acceptance "for personal reasons." AC 98-100. Why would UPMC Magee offer Plaintiff a job in spite of the fact that she was on an FMLA leave, then a couple of weeks later eliminate her moonlighting job because she was in FMLA leave? This is not a plausible claim.

Plaintiff's opposition brief does not address these arguments or make any arguments in support of the sufficiency of her Count II claim against UPMC Magee. UPMC Magee is not even mentioned in the argument portion of Plaintiff's Brief.

***Count VII***

The other claim made against UPMC Magee is for interference with rights under the FMLA and retaliation for exercising rights under the FMLA. AC Count VII.

In its principal brief, UPMC Magee set forth several arguments demonstrating the insufficiency of Count VII as to Magee.

First, Plaintiff started "moonlighting" for Magee in January 2024, so she was only four months into this job when she was terminated, and only one month when she requested and was

granted FMLA leave by UPMC Corporate. She would not, therefore, have been eligible for FMLA leave from UPMC Magee, since she was not there a year and did not have at least 1,250 hours worked in the 12 months preceding her request for leave. 29 C.F.R. § 825.100 (a) (1), (2). Since she was not on FMLA leave from Magee, she has no claim under the FMLA against it.

Second, the allegations of her Amended Complaint absolve UPMC Magee from liability for interference and retaliation. Her principal job was working for UPMC Corporate. Her "moonlighting" job with UPMC Magee was contingent on her keeping her principal job. When UPMC Corporate eliminated her principal job, the moonlighting job ended as well. AC ¶ 103 ("Because Ms. Horne's moonlighting position was contingent on her full-time position with Defendant UPMC Corporate, the elimination of her position meant she would also lose her moonlighting position."). It follows from this that Plaintiff cannot show that UPMC Magee made a decision at all, let alone a decision tainted by FMLA animus.

Third, the only "fact" Plaintiff alleges is that her UPMC Corporate job was eliminated while she was on FMLA leave. That is not a violation of the FMLA. 29 C.F.R. § 825.216 (a)(1).

Fourth, where an employee's discharge is the act that is alleged to interfere with an employee's FMLA rights, and the discharge is alleged to be in retaliation for the exercise of those rights, as is alleged here, the interference claim cannot be separately maintained. Lichtenstein v. University of Pittsburgh Medical Center, 2013 WL 6577401, at **5-7 (W.D. Pa. Dec. 16, 2013), aff'd on this point, 598 Fed. Appx 109, 114 (3d Cir. Jan. 30, 2015).

In her opposition brief, Plaintiff has not addressed a single one of these arguments, let alone attempted to refute them. (Plaintiff's Brief at 19-20)

UPMC Magee respectfully submits that it is entitled to dismissal of Plaintiff's Amended Complaint because it does not state a claim upon which relief can be granted against it.

Respectfully submitted,

*/s/John J. Myers*_________________

John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900