**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEYANNE HORNE,<br><br>Plaintiff,<br><br>v.<br><br>UPMC d/b/a UPMC CORPORATE SERVICES, UPMC HEALTH PLAN, INC., AND UPMC MAGEE-WOMEN'S HOSPITAL,<br><br>Defendants. | } | Case No. 24-cv-01497 MJH<br><br>Judge Marilyn Horan |

**UPMC CORPORATE'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

UPMC Corporate Services[1] ("UPMC Corporate") filed a motion to dismiss all of the counts in which it is named as a defendant, which are Counts II, V, VI and VII. Plaintiff has filed a brief in opposition to this motion, but that brief does not isolate the claims against UPMC Corporate or attempt to defend their plausibility. Instead, it present an argument in opposition that treats this case as though all of the defendants were one entity.

***Count II (Title VII Retaliation)***

The Amended Complaint alleges that UPMC Corporate retaliated against Plaintiff because she filed a pregnancy discrimination charge against UPMC Health Plan in January 2022. Two adverse actions are identified: "interfering with transfer requests" and elimination of her job in April 2024.

UPMC Corporate moved to dismiss the "interference with transfers claim" for two reasons. First, there is no allegation that a timely charge with this allegation was filed with the

[1] It bears repeating that this is not a legal entity having the capacity to be sued.

EEOC. Failure to exhaust administrative remedies is a defense that may be raised by a defendant on a Rule 12(b)(6) motion to dismiss. *Angelino v. New York Times, Co.,* 200 F.3d 73, 87–88 (3d Cir. 1999)("A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution."); *Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir. 1997).

Second, there are insufficient factual allegations to show that Plaintiff has a plausible claim of discrimination based upon the alleged interference with her transfer requests. Putting aside the conclusion that "Upon information and belief, Ms. Graf was pausing Ms. Horne's application in retaliation for Ms. Horne's complaints and charges of discrimination" under the authority of *Santiago v. Warminster Twp*., 629 F. 3d 121, 130 (3d Cir. 2010), the only facts alleged are that Plaintiff applied for jobs and did not get them. That is clearly insufficient to show a plausible claim exists for Title VII retaliation.

Neither of these arguments are addressed in Plaintiff's opposition brief. Instead, she devotes most of her brief to arguing undisputed points; *i.e*., that she engaged in protected activities, was qualified the jobs she held, and suffered adverse employment actions, although there is no attempt made to link these elements together or to ascribe them to a specific employer. Plaintiff's Brief at 14-18. She argues only in the most general terms that there are facts that justify an inference of discrimination, but those facts do not relate to any particular claim against any particular defendant. Plaintiff's Brief at 18.

The other adverse employment action that is plead in Count II is the termination of Plaintiff's employment when UPMC Corporate eliminated her job in April 2024. UPMC Corporate moved to dismiss this claim because there are no facts plead that would tend to show a

plausible connection between her pregnancy complaints against UPMC Health Plan years earlier and the elimination of her job by UPMC Corporate in 2024. She does not allege that the job she was in was in fact not eliminated or even that any decision maker was aware of the complaints or charge against a different employer. She alleges that "Ms. Horne believes, and therefore avers, that she was unlawfully terminated in retaliation for her attempt to engage in protected activity of reporting pregnancy discrimination in violation of Title VII" AC ¶ 148. This, however, is a conclusion that may be disregarded in evaluating the sufficiency of the complaint. *Santiago v. Warminster Twp, supra.*

Plaintiff's response brief does not even attempt to argue that Count II is sufficiently plead as to UPMC Corporate. Instead, as noted above, she simply regurgitates the elements of a *prima facie* case and argues that in a general sense there are enough facts in the Amended Complaint to state a claim for something against someone.

***Count V***

This count involves an allegation that Plaintiff had a disability that required that she be informed of the subject matter of meetings before she was invited to them. She alleges that her UPMC Corporate managers did not comply her request for this accommodation.

UPMC Corporate made several arguments as to the insufficiency of this claim, including the fact that no allegation of a timely filing of an EEOC charge was made. Plaintiff's brief in opposition does not mention this claim or Defendant's arguments for its dismissal.

***Count VI***

In Count VI, Plaintiff alleges that UPMC Corporate discriminated against her in violation of Title VII because of her sex and her status as a caregiver. UPMC Corporate made several arguments why this Count is insufficient, including the failure to allege that it was the subject of

a timely EEOC Charge, and that there were no facts alleged to make the following conclusion plausible: "these adverse actions were motivated by the sex-based stereotype that mothers are 'insufficiently devoted to work, and that work and motherhood are incompatible." AC ¶ 195.

Again, Plaintiff's brief in opposition to the motions to dismiss does not address the legal sufficiency of Count VI.

***Count VII***

In Count VII, plaintiff alleges that UPMC Corporate retaliated against her or interfered with her FMLA rights by eliminating her job in April 2024 while she was on FMLA leave. UPMC Corporate's Motion to Dismiss and supporting brief offered multiple reasons for the insufficiency of these claims.

In her opposition brief, Plaintiff does not attempt to support her retaliation claim. Instead, her entire argument is that the FMLA entitles her to reinstatement at the conclusion of her leave and that she was not reinstated but was terminated. Plaintiff's Brief at 19-20. However, the FMLA does not guarantee reinstatement in all instances. If an employee's job is eliminated while on an FMLA leave and the elimination was not because of her taking leave, then the elimination does not violate the FMLA. 29 C.F.R. § 825.216 (1) ("If an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to continue FMLA leave, maintain group health plan benefits and restore the employee cease at the time the employee is laid of …"); *Conoshenti v. Public Service Elec. & Gas Co.,* 364 F. 3d 135, 141 (3d Cir. 2004)(" Thus, for example, if an employee is discharged during or at the end of a protected leave for a reason unrelated to the leave, there is no right to reinstatement.") Plaintiff does not allege that her job was eliminated *because* she took FMLA leave. Nor does she allege that but for the FMLA leave, her job would not have been eliminated.

Plaintiff's brief in opposition does not address this argument or attempt to refute it. Simply pleading that Plaintiff was on an FMLA leave when her job was eliminated is insufficient to state a claim for relief under the FMLA retaliation or interference provisions.

Respectfully submitted,

*/s/John J. Myers*________________

John J. Myers, PA ID 23596
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
jmyers@eckertseamans.com
412-566-5900